# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENOIT BROOKENS,
        Appellant,

      v.

DEPARTMENT OF LABOR,
        Agency.

DOCKET NUMBER
CB-7121-13-0012-V-1

DATE: December 16, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Eleanor J. Lauderdale</u>, Esquire, Washington, D.C., for the appellant.

<u>Rolando Valdez</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      Pursuant to the Board's instructions, the administrative judge issued a September 5, 2014 recommendation on the appellant's allegations of discrimination based on age and race and on the appellant's allegations of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retaliation for engaging in union activity.  For the reasons set forth below, we adopt the administrative judge's findings.

## BACKGROUND AND ANALYSIS

¶2        The pertinent background for this case is set forth in the Board's Opinion and Order forwarding the matter to the regional office for an addendum proceeding on the issues of discrimination based on age and race and retaliation for engaging in union activity.  *Brookens v. Department of Labor*, 120 M.S.P.R. 678 (2014).  The Board deferred to the arbitrator's finding that the appellant's removal for unsatisfactory performance, effected under chapter 43 of the Civil Service Reform Act, was fully supported by the evidence and did not violate the relevant collective bargaining agreement.  *Id*., ¶¶ 7-14.  However, because the arbitrator did not cite any legal standard or analytical framework in finding that the appellant failed to prove his claims of discrimination and retaliation, the Board granted the appellant's request for review of the arbitrator's decision on those issues, and forwarded the discrimination and retaliation claims to the Washington Regional Office (WRO) for further adjudication.  *Id*., ¶¶ 15-17.

¶3        Based on the evidence and argument submitted by the parties, an administrative judge in the WRO issued a recommended decision finding that the appellant failed to meet his burden to prove discrimination and/or retaliation.  *Brookens v. Department of Labor*, MSPB Docket No. CB-7121-13-0012-H-1, Tab 11, Recommended Decision (RD).  The administrative judge weighed the appellant's thirteen allegations of fact to determine whether together they showed a pattern of discrimination.  RD at 4-5.  He found that, as the appellant admits, he was the only GS-12 international economist in his division and thus was not similarly situated to other economists in his division or treated disparately.  RD at 6.  He also found that, although the supervisor who took the removal action against the appellant was newly hired in the division, there is no evidence that the supervisor was hired to take action against the appellant, and, in any event, the

record shows that the appellant had performance problems before the supervisor was hired.  RD at 6-8.  The administrative judge found additionally that the appellant presented no evidence that the supervisor harbored any discriminatory motive or that he acted at the prompting of anyone who did.  RD at 9.  The administrative judge found that, considering the record as a whole, the agency articulated a legitimate nondiscriminatory reason for its action, i.e., the appellant's poor performance, and the appellant produced no evidence that the agency's explanation for its action was pretext for discrimination on the basis of age or race.  *See Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 7 (2006) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993)).

¶4        The administrative judge found further that the appellant failed to prove that his removal was effected in reprisal for the appellant's having engaged in union representational activity, which is protected under 5 U.S.C. § 2302(b)(9).  RD at 12-16.  He noted that the appellant had been reinstated in 2001, based on a grievance claiming removal in retaliation for union activity.  He found that the appellant failed to describe a nexus between that grievance and the current proposing or deciding officials.  RD at 14.  He found that the appellant failed to identify any events that suggest suspicious timing of the removal action with respect to the appellant's union activities or that present any evidence that similarly-situated employees received more favorable treatment.  RD at 15-16.  He found that, weighing all of the evidence, the appellant failed to provide evidence showing a convincing mosaic of retaliation against him.  *See Fitzgerald v. Department of Homeland Security*, 107 M.S.P.R. 666, ¶ 20 (2008).

¶5        After he issued the Recommended Decision, the administrative judge informed the parties that the Recommendation would be forwarded back to the Board and that parties could file exceptions to the Recommendation with the Clerk of the Board within 20 days of the issuance of the Recommendation, or by September 25, 2014.  *Brookens v. Department of Labor*, MSPB Docket No. CB-7121-13-0012-H-1, Tab 13.  On September 26, 2014, the appellant's

representative requested an extension of time (EOT) to file exceptions to the administrative judge's Recommended Decision.  *Brookens v. Department of Labor*, MSPB Docket No. CB-7121713-0012-V-1, Tab 32.  The Board granted the request, giving the appellant until October 20, 2014, to file exceptions.  *Id*., Tab 33.  On October 21, 2014, after the expiration of the extension of time to file exceptions, the appellant's representative requested an additional EOT.  *Id*., Tab 35.  The Board denied the request for an additional EOT because it was filed after the due date for the filing of exceptions.  *Id*.  The appellant's representative has filed three responses to the denial, claiming that she lost the exceptions that she had drawn up because of computer problems.  *Id*., Tabs 36-38.

¶6     The Board's regulations provide that requests for an EOT must be filed on or before the date that the pleading is due and that the motion must be accompanied by an affidavit or sworn statement.  *See* 5 C.F.R. § 1201.114(f).  Here, as noted, the appellant's EOT request was filed after the date that the pleading was due and was not accompanied by an affidavit or sworn statement.  Further, even if the appellant's representative's alleged computer problems interfered with her preparation of exceptions, there is no assertion that they interfered with her ability to timely file an EOT request.  Accordingly, we find that the appellant's representative's objections to the denial of her EOT request are unavailing.

¶7     Absent exceptions to the administrative judge's Recommended Decision, and based on our review of his decision, we adopt the Recommendation.  The appellant failed to prove his affirmative defenses of discrimination on the bases of age or race and failed to establish that the agency's action constituted retaliation for his union activity in violation of 5 U.S.C. § 2302(b)(9).  As a result, we deny the appellant's request for review of the arbitrator's decision affirming the agency's removal action.

¶8    This is the final decision of the Merit Systems Protection Board on the appellant's request for arbitration review.   Title 5 of the Code of Federal Regulations, section 1201.113(c) ( 5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:     _____

William D. Spencer
Clerk of the Board

Washington, D.C.